IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN


| | | |
|---|---|---|
| HARRIS-CORREA as representative of | : | CIVIL ACTION |
|    Ricky Harris on behalf of Ariel Harris | : | |
| | : | |
| v. | : | No. 05-153 |
| | : | |
| YAMAHA MOTOR CORP. USA, et al. | : | |


## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                              **April 7. 2008**

The manufacturer of the personal watercraft on which Ricky Harris died, Tennessee Watercraft, Inc., asks this Court to enter judgment in its favor on grounds the claim against it is time-barred.  Because I find the Amended Complaint against Tennessee Watercraft relates back under Federal Rule of Civil Procedure 15(c) to the Complaint against Yamaha Motor Corporation, USA, and its subsidiaries Yamaha Motor Manufacturing Corporation of America, and Yamaha Motor Company, Ltd., I will deny Tennessee Watercraft's Motion for Summary Judgment.

**FACTS**

Ricky Harris was killed while riding a 2002 Yamaha Waverunner, Model SUV 1200, in St. Thomas, U.S. Virgin Islands, on October 28, 2004.  Harris's widow and children filed suit on September 28, 2005, against the three Yamaha entities, alleging defects in the Waverunner's design and manufacture caused Harris's death.

On June 27, 2006, Harris served interrogatories on the three Yamaha companies; almost five months later, Yamaha responded, identifying its wholly-owned subsidiary, Tennessee Watercraft, as the manufacturer of the Waverunner at issue.  Most significantly, Yamaha identified Tennessee

Watercraft as the manufacturer 18 days after the two-year statute of limitations had expired.  The

Court allowed Harris to amend her Complaint to include Tennessee Watercraft  without deciding

the question of whether the statute of limitations barred the action.

Tennessee Watercraft has filed a Motion to Dismisss under Rule 12(b)(6), converted to a

Motion for Summary Judgment under Rule 56 by the inclusion of materials extraneous to the

pleadings.  In response, Harris asks this Court to find the Complaint against Tennessee Watercraft

relates back to the timely Complaint against the Yamaha companies.

**DISCUSSION**

A motion for summary judgment will only be granted if there are no genuine issues of

material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of proving no genuine issue of material fact is in dispute; the

court must review all of the evidence in the record and draw all reasonable inferences in favor of the

nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

*Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997).  In considering a motion for summary

judgment, a court must view the facts and inferences in the light most favorable to the party

opposing the motion. *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363

(3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

Rule 15(c)[1] allows a plaintiff to amend a complaint to add a new defendant after the statute

---

[1]Federal Rule of Civil Procedure 15, in relevant part:
    (c) Relation Back of Amendments.
            (1) When an Amendment Relates Back. An amendment to a pleading relates back to
            the date of the original pleading when:
                    (A) the law that provides the applicable statute of limitations allows relation
                    back;
                    (B) the amendment asserts a claim or defense that arose out of the conduct,

of limitations has run by relating the new complaint back to the original complaint's filing date.

Courts interpret 15(c) as imposing three conditions before an amended complaint relates back to the original complaint. *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 (3d Cir. 1996). The first condition – that the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set out . . . in the original pleading" – is not at issue in this case. Fed. R. Civ. P. 15(c)(1)(B). The second and third conditions must be met "within the period provided by Rule 4(m) for service of the summons and complaint," which is "120 days after the filing of the complaint." Fed.R.Civ.P. 4(m). The second condition is that the newly-named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." Fed.R.Civ.P. 15(c)(1)(C)(i). This condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied." *Urrutia*, 91 F.3d at 458. The third condition is that the newly named party must have known, or should have known, again, within the 120 day period, that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. Fed.R.Civ.P. 15(c)(1)(C)(ii); *Singletary v.*

---

transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Federal Rules of Civil Procedure Rule 15(c)

*Pennsylvania Dept. of Corrections*, 266 F.3d 186, 194 (3d Cir. 2001).

Courts tend to conclude the rule does not reach situations in which the plaintiff is unaware another potential defendant exists because it could be a tactical choice and not a mistake. *Garvin v. City of Philadelphia*, 354 F.3d 215, 221 (3d Cir. 2003). When the plaintiff lacks knowledge of a correct defendant's identity at the outset of the litigation, most courts do not allow relation back, holding the plaintiff has not made a mistake as required by Rule 15(c)(1)(C)(ii). *Butler v. Robar Enterprises, Inc.*, 208 F.R.D. 621, 624 (C.D. Cal. 2002) (collecting cases); *but see*, *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174-75 (3d Cir. 1977) (holding plaintiff's proposed amendment to substitute a named defendant for a Doe defendant related back to the date of the filing of the original complaint). *Varlack* has not been overruled, but both *Garvin* and *Singletary* disallowed substitution of named defendants for John Does. In *Varlack*, the John Doe defendant had seen the complaint at the time it was filed; the defendants in *Garvin* and *Singletary* denied receiving notice.

Yamaha's delay in answering Harris's interrogatories caused Harris's mistake in failing to name Tennessee Watercraft. In *Garvin*, the Third Circuit affirmed the district court's denial of a motion to amend because " there is no reason why Garvin could not have discovered the name of the arresting officer within the time period required under Rule 15(c)(3) and Rule 4(m)." *Garvin*, 354 F.3d at 227-28. The Court faulted Garvin for failing to "diligently seek to determine the identity of the officer after she received the initial disclosures from the City." *Id.* at 228. In this case, Harris's attempts to learn the name of the manufacturer of the Waverunner were thwarted by Yamaha's delay in responding to the interrogatories. Until Harris received the answer to Interrogatory Two, she had no reason to suspect any entity other than Yamaha USA and its named subsidiaries manufactured the Waverunner at issue. A party should not be barred from bringing a

legitimate legal claim because it mistakenly identified the party to be sued.  *Hill v. Shelander*, 924 F.2d 1370, 1374-75 (7th Cir. 1991).

Harris has satisfied the mistake prong of the inquiry; the question of notice remains.  A defendant is prejudiced "who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale."  *Curry v. Johns-Manville Corp.*, 93 F.R.D. 623, 626 (E.D. Pa. 1982).

Notice serves as the means for evaluating prejudice.  *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 888 (7th Cir. 1993).   The Third Circuit reasoned notice can be "actual, constructive, or imputed."  *Singletary*, 266 F.3d at 195.  In *Garvin* the Third Circuit held imputed notice requires either a shared attorney or an identity of interests.  *Garvin*, 354 F.3d at 222-27.

The shared attorney method requires a plaintiff to demonstrate there was "some communication or relationship" between the attorney for the named defendants and the parties sought to be added as defendants prior to the expiration of the 120-day period for service of the summons and complaint.  *Id.* at 225. The identity of interest method requires the plaintiff to demonstrate the circumstances surrounding the filing of the lawsuit permit an inference notice was actually received by the parties sought to be added as defendants during the relevant time period. *Id.* at 227.

A "parent-subsidiary relationship standing alone is simply not enough . . . to establish the identity of interest exception to the relation back rule."  *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1025 (2nd Cir. 1989).  Instead, courts have required "substantial structural and cultural identity, such as shared organizers, officers, directors, and offices."  *Id.*  Notice may be

presumed when the added defendant has either a sufficient identity of interest with the original

defendant or received formal or informal notice of the claim. *Western Contracting Corp. v. Bechtel*

*Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). The Fourth Circuit allows imputed notice when there

is "a group of closely related and functioning business entities or corporations, the other entities in

that group . . . will be charged with knowledge under Rule 15(c)." *Goodman v. Praxair, Inc.*, 494

F.3d 458, 471-75 (4th Cir. 2007). No court has set out a comprehensive list of requirements to find

identity of interest.

Whether two entities are closely-enough related to impute notice is a fact-intensive

determination. In this case Yamaha and Tennessee Watercraft do not, at least at this stage of the

litigation, share an attorney, one way in which constructive notice could be imputed. *Singletary*, 266

F.3d at 197. Nor does the record contain sufficient evidence about the business relationship, beyond

being a wholly-owned subsidiary, to decide whether to impute notice to Tennessee Watercraft.

When I return to the standard by which I consider a motion for summary judgment, that is,

taking all reasonable inferences in favor of the non-moving party, I cannot find Tennessee

Watercraft was without notice on this record. Three facts convince me to allow discovery to

proceed into the relationship between Yamaha and Tennessee Watercraft. First is the coincidence

of the date on which Yamaha identified Tennessee Watercraft as the manufacturer of the

Waverunner, 18 days after the expiry of the statute of limitations. Second, Yamaha owns 100

percent of Tennessee Watercraft. Third, the fact Tennessee Watercraft markings appear on

documents produced raises an inference of notice. For these reasons, I will allow discovery into

Tennessee Watercraft's relation to Yamaha, any participation it may have had in discovery, and the

reason for the delay in answering interrogatories. Tennessee Watercraft's motion is dismissed

without prejudice.

An appropriate order follows.

## ORDER

AND NOW, this 7th  day of April, 2008, it is hereby ORDERED Defendant Tennessee

Watercraft shall answer the Amended Complaint within 20 days of this Order.

It is further ORDERED::

- Discovery deadline is July 3, 2008;

- Plaintiff's expert report is due July 18, 2008;

- Defendant's expert report is due August 1, 2008;[2]

- Dispositive motions are due August 8, 2008;

- Responses to dispositive motions are due August 22, 2008.

- Counsel are referred to Judge Sánchez's operating procedures for further information:

  http://www.paed.uscourts.gov/documents/procedures/sanpol.pdf.


BY THE COURT:


_____/s/ Juan R. Sánchez_____
Juan R. Sánchez                             J.



**ATTEST:**
**WILFRED F. MORALES**
**CLERK OF THE COURT**

---

[2]Any deposition of an expert under Federal Rule of Civil Procedure 26(b)(4)(A) must be conducted
before the deadline for submission of dispositive motions.